```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                    :
CLIFFORD S. EATON,                                  :
                                                    :
                          Petitioner,               :
                                                    :
              -v-                                   :
                                                    :
MONICA RECKTENWALD,                                 :
                                                    :
                          Respondent.               :
                                                    :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 27, 2014

13 Civ. 4446 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On June 25, 2013, pro se petitioner Clifford S. Eaton brought this petition

pursuant to 28 U.S.C. § 2241[1] against Monica Recktenwald, the current Warden of

the Federal Correctional Institution in Otisville, New York ("FCI Otisville")[2] within

the Bureau of Prisons ("BOP"), to enjoin the BOP from collecting further restitution

payments owed by Eaton because the judgment of requiring such payments does not

contain a payment schedule. (See Petition at 4, ECF No. 1.)

Respondent, represented by the U.S. Attorney's Office for the Southern

District of New York, opposed the petition on November 15, 2013 by filing a

memorandum of law ("Opp.") as well supporting declarations from Brandon Cowart

("Cowart Decl."), Dawn Ferdula ("Ferdula Decl."), and Lisa Warwick ("Warwick

Decl."). (ECF Nos. 10-13.) Eaton submitted a reply in further support of his

---

[1] The appropriate classification of Eaton's petition is discussed in greater detail in Section II.A, infra.
[2] By Order dated April 15, 2014, the Court granted petitioner's motion under Federal Rule of Civil
Procedure 25(d) and substituted Monica Recktenwald for Howard L. Hufford as respondent in this
action, because Recktenwald had replaced Hufford as the Warden of FCI Otisville. (ECF No. 22.)

petition on December 13, 2013 (ECF No. 18), and his petition was fully briefed at that time.

For the reasons set forth below, Eaton's petition is DENIED.

I.      FACTUAL BACKGROUND

The relevant history of Eaton's criminal convictions, sentences, and subsequent motion practice is complicated and spans more than fifteen years.

    A.      1999 Restitution Order

On September 10, 1998, in the Eastern District of Wisconsin, Eaton pleaded guilty to violating 18 U.S.C. §§ 2314 & 2, which prohibits the interstate transportation of stolen securities with a value in excess of $5,000.00. (See Cowhart Decl. Ex. 2 at ECF No. 5.) On December 7, 1999, United States District Judge Rudolph T. Randa sentenced Eaton to four and one-half months' imprisonment, three years' supervised release, $23,700.00 in restitution, and a $100.00 special assessment. (Id. Ex. 3.) Eaton's restitution obligation was to be paid jointly and severally by Eaton and two other co-defendants, and was due "in full immediately" with any remaining balance when Eaton started his term of supervised release to be paid "at a rate of no less than $50.00 per month" (the "1999 Restitution Order"). (Id.) Judge Randa ordered restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), because Eaton pleaded guilty to an offense against property under Title 18. 18 U.S.C. § 3663A(c)(1)(A)(ii).

Eaton did not appeal any aspect of his sentence, including the 1999 Restitution Order (see Coward Decl. Ex. 2), and his right to appeal has long since

expired. See Fed. R. App. P. 4(b) (providing that a defendant has 14 days from the date of entry of judgment within which to file a notice of appeal).

On July 8, 2002, responsibility for monitoring Eaton's supervised release was transferred to the District of North Dakota. (Cowhart Decl. Ex. 4 at ECF No. 1.) Shortly thereafter, on November 27, 2002, United States District Judge Rodney S. Webb in the District of North Dakota revoked Eaton's supervised release and sentenced Eaton to an additional term of imprisonment of one year and one day for violating his supervised release. (Id. Ex. 4 at ECF Nos. 9, 10.)

B.   2010 Conviction

On September 1, 2010, also in the District of North Dakota, Eaton pleaded guilty to another crime—conspiracy to possess with intent to distribution and to distribute a controlled substance in violation of 21 U.S.C. § 846. See United States v. Eaton, No. 09 Cr. 103, ECF No. 53 (D.N.D. Sept. 1, 2010). Eaton was sentenced to 223 months' imprisonment, 120 months' supervised release, and a special assessment of $100 (the "2010 Sentence"). See United States v. Eaton, No. 09 Cr. 103, ECF No. 75 (D.N.D. Dec. 14, 2010). No restitution was ordered. Id.

C.   The IFRP

The BOP's inmate financial responsibility program ("IFRP," or the "Program") is a program maintained to encourage inmates to meet the financial obligations of their sentence. 28 C.F.R. § 545.10. Under the Program, BOP officers assist inmates to develop a financial plan to pay enumerated obligations, such as fines or restitution, while incarcerated. Id. § 545.11(a). The BOP determines the

3

appropriate payment amount based on the inmate's financial profile, including "the inmate's specific obligations, institution resources, and community resources." Id. § 545.11(b)(1). The BOP uses a formula to calculate the appropriate amount of such IFRP payments. (See Ferdula Decl. ¶ 3, Ex. A at 7-8.) An inmate's participation and/or progress in the IFRP is subject to ongoing review. 28 C.F.R. § 545.11(c). Participation in the Program is voluntary, but refusal to participate carries certain consequences, including the loss of various privileges. Id. § 545.11(d).

      D.    Eaton's Incarceration

From 2011 to 2012, Eaton was housed at the BOP facility in Forrest City, Arkansas ("FCI Forrest City"). (See Ferdula Decl. ¶ 6.) At FCI Forrest City, BOP officials determined that restitution remained due under the 1999 Restitution Order. (See Warwick Decl. ¶ 4.) Accordingly, at FCI Forrest City, Eaton and BOP staff developed a financial plan pursuant to which Eaton agreed to make scheduled restitution payments as required by the 1999 Restitution Order. (Id.) For the last three months of 2011, Eaton made monthly payments totaling $243.15 toward the 1999 Restitution Order. (See Warwick Decl. Ex. A.)

Eaton was transferred from FCI Forrest City to FCI Otisville on March 22, 2012, where he is currently incarcerated. (See Ferdula Decl. ¶ 6.) At FCI Otisville, Eaton developed a new financial plan, which calls for Eaton to make monthly restitution payments towards the 1999 Restitution Order of $40 per month. (See id. ¶ 5, Ex. B.)

## E. Eaton's Motion to Modify Judge Randa's Restitution Award

A month after arriving at FCI Otisville, on April 13, 2012, Eaton attempted to block the BOP from implementing the payment schedule to which he had agreed. (See Cowart Decl. Ex. 4 at ECF No. 16.) Specifically, Eaton filed a motion for modification of the 1999 Restitution Order in the District Court of North Dakota under 18 U.S.C. § 3664(k). (See id. Ex. 5 at 4-6.) Section 3664(k) authorizes a sentencing court to provide relief from a restitution order when there has been a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k). Eaton argued, inter alia, that the 1999 Restitution Order assumed that Eaton would have gainful employment while on supervised release (which would have permitted Eaton to make the specified restitution payments according to the schedule therein) but that this assumption was no longer valid because of his continued incarceration. (See Cowart Decl. Ex. 5 at 4.) For relief, Eaton requested that the court amend the restitution order to establish a payment schedule covering the remainder of his incarceration. (Id. at 6.)

The North Dakota district court denied the motion on June 21, 2012. (Id. Ex. 4 at ECF No. 31.) On November 2, 2012, however, the Eighth Circuit summarily vacated the district court's order and directed the district court to dismiss the action without prejudice to allow Eaton to "refile his motion with the sentencing court." (Id. Ex. 6.) To date, Eaton has not refiled his § 3664(k) motion to modify the 1999 Restitution Order in the Eastern District of Wisconsin (his sentencing court). Rather, he filed the instant petition before this Court on June 25, 2013.

F.    Balance Remaining on 1999 Restitution Order

As of November 14, 2013, $10,006.21 of the $23,700.00 in restitution ordered by Judge Randa in the 1999 Restitution Order remains due. (See Warwick Decl. ¶ 5.)  Eaton's co-defendants have paid $12,520.59 towards the balance owed; Eaton has paid $1,173.20, $923.20 of which was paid through the IFRP. (Id. ¶¶ 5-6, Ex. A.)  Eaton's payments through the IFRP commenced on October 11, 2011, while he was incarcerated at FCI Forrest City, continuing through September 10, 2013. (Id.)

II.    DISCUSSION

In his petition, Eaton asks this Court to enjoin the BOP from withdrawing any additional funds from his trust accounts for restitution payments under the 1999 Restitution Order, until such time as his sentencing court in that case may establish a payment schedule applicable to Eaton while he serves the 2010 Sentence. (See Petition at 8; Reply at 4-5, ECF No. 18.)  Eaton thus concedes that this Court, which is located in Eaton's District of incarceration but is not his sentencing court, lacks jurisdiction to modify the 1999 Restitution Order.[3]

Nevertheless, Eaton seeks relief from this Court based on the purported invalidity of the 1999 Restitution Order. (Reply at 3.)  Relying almost exclusively on the Ninth Circuit's decision in Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), Eaton argues that (A) the instant petition is properly brought pursuant to § 2241 rather than § 2255; (B) a restitution order like the 1999 Restitution Order, which

---

[3] Though Eaton acknowledges in his Reply that the Eighth Circuit directed him, in November 2012, to refile his § 3664(k) motion to modify the 1999 Restitution Order in the Eastern District of Wisconsin (see Reply at 3 n.1), he does not indicate whether he had done so as of the date of filing (December 2013) and there is no indication that he has done so to date.

provides for immediate payment, is invalid under the MVRA because it improperly delegates a judicial function to the BOP, a non-judicial entity; and (C) as a result, the BOP is improperly executing his sentence by using his IFRP plan to satisfy an invalid restitution order. (See Petition at 6, Reply at 2-4.)

The Court discusses each of these arguments in turn—though Eaton's petition is properly characterized as brought pursuant to § 2241, he is not entitled to the relief he seeks.

A.      Classification of the Petition

Though Eaton asserts that his petition challenges the BOP's execution of his sentence and is thus properly brought pursuant to 28 U.S.C. § 2241 (see Petition at 4, 6; Reply at 2-3), the Court "is not required to accept labels the parties place on their motions if those characterizations are inapt." United States v. Rivera, 376 F.3d 86, 90-92 (2d Cir. 2004).

"Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention, but the two sections offer relief for different kinds of perceived wrongs." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004). Section 2255 "is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence." Id. (emphasis in original). In particular, it allows a prisoner in federal custody to challenge a sentence that was imposed in violation of the U.S. Constitution or the laws of the United States; was entered by a court without jurisdiction to impose the sentence; exceeded the maximum detention

authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Petitions under § 2255 are subject to a one-year statute of limitations. Id. § 2255(f).

By contrast, § 2241 is the appropriate vehicle for "challenges [to] the execution of a federal prisoner's sentence, including such matters as the administration of his parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). Although § 2241 "grants federal courts authority to entertain habeas petitions from prisoners 'in custody in violation of the Constitution or laws or treaties of the United States,'" federal prisoners "must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or laws." Adams, 372 F.3d at 135 (quoting 28 U.S.C. § 2241); accord Jiminian, 245 F.3d at 147.

Though Eaton's petition presents a hybrid challenge to both the imposition and the execution of his sentence, and thus presents arguments under both § 2255 and § 2241,[4] the Court finds that the petition is properly construed as a § 2241 petition in light of the precedent in this district.[5] First, in Kaminski v. United States, the Second Circuit held that challenges solely to restitution are not properly brought under § 2255[6] because such challenges are not challenges seeking the

---

[4] See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (discussing similar petition and noting arguments brought under both § 2255 and § 2241).

[5] With respect to exhaustion, Eaton asserts in his petition that his requests for administrative relief "at all three levels of the process provided under BOP policy" have been denied. (Petition at 4.) Respondent does not contest that Eaton has exhausted his administrative remedies.

[6] The author of Kaminski, Circuit Judge Guido Calabresi, also suggested, without agreement or disagreement, the use of extraordinary writs, like error coram nobis, for such challenges. Kaminski v. United States, 339 F.3d 84, 89-91 (2d Cir. 2003).

8

release from custody.[7]  339 F.3d 84, 86-89 (2d Cir. 2003); see Bimpeh v. United

States, No. 05 Civ. 3011 (LBS), 2008 WL 4861705, at *1-2 (S.D.N.Y. Nov. 10, 2008)

(applying Kaminski and dismissing § 2255 challenge to restitution order for lack of

subject matter jurisdiction); Mingo v. United States, 360 F. Supp. 2d 591, 595

(S.D.N.Y. 2005) (same).  The Kaminski court held that the restitution order at issue

in that case—the greater of 10% of monthly income or $100—"plainly does not come

close" to amounting to custody, 339 F.3d at 87, and the 1999 Restitution Order is

even less onerous.

Second, district courts in this Circuit have construed similar challenges to the

collection of restitution or fines by the BOP as petitions under § 2241.  See

Argentina v. United States, No. 09 Civ. 5544 (KMW) et al., 2011 WL 3477139, at *3-

6 (S.D.N.Y. Aug. 8, 2011); Solis v. Menifee, No. 99 CV 9072 (GEL), 2000 WL

1401633, at *1-2 (S.D.N.Y. Sept. 25, 2000); see also Foley v. Martinez, No. 11 Civ.

136, 2011 WL 6026166, at *1-4 (D. Vt. Dec. 1, 2011); Johnson v. United States, 08

Cr. 35 (JGM), 2011 WL 1837782, at *1 (D. Vt. May 10, 2011); Dunlea v. Fed. Bureau

of Prisons, No. 09 Civ. 2051 (CFD), 2010 WL 522715, at *1-2 (D. Conn. Feb. 8,

2010); Spring v. Schult, No. 08 Civ. 0531 (LEK), 2009 WL 3232183, at *1 (N.D.N.Y.

Oct. 1, 2009).  But see United States v. Ejike, Nos. 04 Cr. 1316 (DC) and 06 Civ.

13327 (DC), 2007 WL 1946549, at *6-9 (S.D.N.Y. June 27, 2007) (assuming without

---

[7] Though respondent argues that Eaton's petition must be construed under § 2255 (see Opp. at 8-9),
respondent neither distinguishes Kaminski nor cites any post-Kaminski cases in support of this
argument.

deciding that restitution order could be challenged through writ of coram nobis, but rejecting challenge as improper under § 2255).[8]

### B.    Validity of the 1999 Restitution Order

Eaton next argues that the 1999 Restitution Order is invalid under the MVRA because it improperly delegates a judicial function—the setting of a payment schedule—to a non-judicial entity, the BOP.  (See Petition 6; Reply 2-4.)  He argues that, because the 1999 Restitution Order imposes no schedule of payments while he is incarcerated (as a result of the 2010 Sentence), the BOP is not authorized to create one.  (See Petition at 6.)  He further argues that the BOP cannot execute the 1999 Restitution Order through the IFRP because doing so would violate the MVRA.  (See id.; Reply at 3.)  These arguments are without merit and are rejected.

The MVRA mandates that courts issue restitution orders for certain crimes, such as Eaton's, which involve injury to property.  See 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii).   The court is required to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  Id. § 3664(f)(1)(A).  Once the court determines this amount, it must, "pursuant to [18 U.S.C. § 3572] specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," taking into consideration factors such as the defendant's assets, projected income, and financial obligations.  Id. § 3664(f)(2).  Under § 3572,

---

[8] Though the Second Circuit has not addressed this precise issue, the Court notes that the law in other Circuits is unsettled.  Compare Ward, 678 F.3d at 1044 (considering challenge to BOP's execution of sentence based on improper delegation as properly brought under § 2241) with Wallette v. Wilner, 321 F. App'x 735, 737 (10th Cir. 2009) (dismissing similar claim brought under § 2241 because claim must be brought under § 2255, in petitioner's sentencing court).

the court must order immediate payment, "unless, in the interest of justice, the court provides for payment on a date certain or in installments." Id. § 3572(d)(1). A restitution order "may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." Id. § 3664(f)(3)(A).

In light of the statutory requirement that courts consider a defendant's financial resources in setting a restitution payment schedule, it is not permissible to order the immediate payment of restitution when it is not possible for the defendant to comply with such an order. United States v. Kinlock, 174 F.3d 297, 301 (2d Cir. 1999). Rather, "the sentencing court must set a schedule of payments for the terms of incarceration, supervised release, or probation." Id. The court's restitution order may "properly draw upon the [IFRP] . . . in fashioning an order of restitution that specifies the amounts to be paid, so long as discretionary authority to depart from the court's order is not vested in prison officials." Id. (quoting United States v. Mortimer, 94 F.3d 89, 91 (2d Cir. 1996)). An impermissible delegation of discretionary authority in BOP officials occurs when a judge orders restitution payments "be increased in accordance with the guidelines of the IFRP." United States v. Kyles, 601, F.3d 78, 86-87 (2d Cir. 2010) (applying Mortimer).

This is also the law in other Circuits. See, e.g., Ward, 678 F.3d at 1048-50; United States v. Prouty, 303 F.3d 1249, 1254-55 (11th Cir. 2002); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001). In the Seventh Circuit, which encompasses Eaton's sentencing court, however, "a judgment of conviction need not

11

contain a schedule of restitution payments to be made during incarceration"; absent
express delegation of a payment schedule to the BOP, "when the judicial silence
allows [BOP] to decide how much, if anything, to remit through the [IFRP], there is
no problem." United States v. Sawyer, 521 F.3d 792, 795 (7th Cir. 2008). Rather, in
the Seventh Circuit, court-ordered payment schedules under the MVRA "need not,
and as a rule should not, begin until after the defendant's release from prison,"
whereas "[p]ayments until release should be handled through the [IFRP] rather
than the court's auspices." Id. at 796.

    The 1999 Restitution Order plainly complies with the MVRA and the above-
described precedent—it specifies that the $23,700.00 restitution amount shall be
due "in full immediately" (as required by 18 U.S.C. § 3572(d)(1), absent a finding
that the interest of justice requires otherwise), and it specifies a payment schedule
of $50.00 per month by Eaton during his term of supervised release (see Sawyer,
521 F.3d at 796). Nowhere in the 1999 Restitution Order does Judge Randa
delegate the establishment of a payment schedule to the BOP.

    Eaton's heavy reliance on the Ninth Circuit's decision in Ward is misplaced.
In Ward, the court held that "where the defendant has insufficient financial
resources to make immediate payment, the district court—not BOP, not
Probation—must set a repayment schedule in the judgment of conviction in order to
discharge its responsibilities under the MVRA." Ward, 678 F.3d at 1050. The Ward
court then granted relief under § 2241 because the sentencing court's restitution
order "failed—as the sentencing court itself subsequently acknowledged—by simply

12

setting 'immediate' payment and leaving it to the BOP to 'work out the details.'" Id. Unlike in Ward, however, the 1999 Restitution Order contains no such delegation to the BOP to set a payment schedule; rather, it clearly provides that restitution is due immediately and then shall be paid pursuant to a payment schedule while Eaton is on supervised release. The Order provides no basis to conclude that Judge Randa impermissibly delegated the authority to set a payment schedule to the BOP. See Ejike, 2007 WL 1946549, at *9 ("Where a court makes payment 'due immediately,' however, there is no impermissible delegation and the [BOP] may establish its own procedures . . . for collection of the court ordered fines and assessments.") (internal quotation marks omitted) (quoting Solis, 2000 WL 1401633, at *2).

Eaton's real argument is not that 1999 Restitution Order was invalid under the MVRA at the time it was issued (and he did not challenge the Order on direct appeal); rather, he argues that the 1999 Restitution Order is now invalid in light of his incarceration pursuant to the 2010 Sentence. This argument fails. Of course, Judge Randa could not have anticipated Eaton's subsequent criminal conviction more than ten years later, and thus taken it into account in establishing a restitution payment schedule. This disconnect further underscores the fact that the proper vehicle for Eaton's challenge at this stage, as explained by the Eighth Circuit, is a § 3664(k) motion to modify the 1999 Restitution Order directed to his sentencing court in the Eastern District of Wisconsin.

### C.   Use of IFRP to Satisfy the 1999 Restitution Order

Absent a finding that the 1999 Restitution Order is invalid under the MVRA, Eaton's argument that the BOP may not use the IFRP to satisfy that Order is also without merit.

The Second Circuit has consistently rejected constitutional challenges to the IFRP because it "serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990). Further, the Second Circuit and courts in this District have repeatedly upheld the power of the BOP to collect "court-ordered civil judgments or fines" through the IFRP. Id.; Argentina, 2011 WL 3477139, at *5-6; Ejike, 2007 WL 1946549, at *9; Solis, 2000 WL 1401633, at *1-2. The IFRP's governing regulations specifically contemplate the Program's use to satisfy prior court-order restitution obligations. 28 C.F.R. § 545.11(a)(2).

Eaton chose to participate in the IFRP both at FCI Forrest City and FCI Otisville. Though it is true that refusal to participate carries certain consequences, including the loss of various privileges, "those consequences do not fall under the scope of this Court's review pursuant to 28 U.S.C. § 2241"—"it is within the [BOP's] discretion to decide that a prisoner who does not choose to participate in a program designed to help him meet his obligations is not a good candidate for certain privileges or rehabilitation programs." Solis, 2000 WL 1401633, at *2.

14

III.   CONCLUSION

For the reasons set forth above, Eaton's petition pursuant to 28 U.S.C. § 2241

is DENIED.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:      New York, New York
            May 27, 2014

_____
            KATHERINE B. FORREST
            United States District Judge

Copy to:

Clifford S. Eaton
12878-074
Federal Correctional Institution
P.O. Box 1000
Otisville, NY 10963-1000